UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT NEWHOUSE,<br><br>                Defendant. | Case No. 1:25-cv-00045-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Sivak's initial pleading in this case as a result of Plaintiff's status as an inmate. *See* 28 U.S.C. § 1915A. The caption of the document reads, "In the Matter of the Criminal Complaint on Robert Newhouse" and does not identify the parties. Therefore, the Court has realigned the parties to identify Sivak as the Plaintiff and Newhouse as the Defendant. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) ("Federal courts have broad authority to look beyond the pleadings[] and arrange—or realign—the parties according to their sides in the dispute.") (internal quotation marks and alterations omitted).

The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice as frivolous.

1. **Screening Requirement**

The Prison Litigation Reform Act ("PLRA") requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a

governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A. A complaint is frivolous if it has "no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**2.    Discussion**

Plaintiff's "Criminal Complaint" is frivolous. The Complaint attempts to assert a criminal charge against Robert Newhouse, the judge in Plaintiff's state criminal trial.

However, the Court has warned Plaintiff on many occasions that, as a private citizen, he cannot institute a federal criminal action. *See, e.g.*, *Sivak v. Clerk of Court*, No. 1:24-cv-00030-AKB, 2024 WL 1194460, at *2 (D. Idaho March 20, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00021-DCN, 2024 WL 380880, at *2 (D. Idaho Feb. 1, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00020-BLW (D. Idaho Feb. 4, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00019-BLW, 2024 WL 1071944, at *2 (D. Idaho Mar. 12, 2024); *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016); *Sivak v. Nye*, No. 1:24-cv-00193-BLW (D. Idaho June 26, 2024). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is no individual right "to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

In this action, Plaintiff attempts to assert criminal claims. As Plaintiff has been informed numerous times, such claims have no basis in law or fact and are therefore frivolous.

**ACCORDINGLY, IT IS ORDERED:**

1. This entire case is DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 3) is DENIED.

DATED: April 16, 2025

Amanda K. Brailsford
U.S. District Court Judge